**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 07-cv-00563-CBS-MJW

L&W INNOVATIONS, LLC,

      Plaintiff,

v.

LINLI CONSTRUCTION, INC.;
JOHN YELENICK;
GAS-O-HAUL, INC; and
BRADLEY J. LIGHT,

      Defendants

---

## STIPULATED PROTECTIVE ORDER

---

      L & W Innovations, Inc., Linli Construction, Inc., Gas-O-Haul, Inc., John Yelenick, and Bradley Light (collectively "the Parties"), by and through their undersigned counsel or as themselves, hereby stipulate and agree that the following Protective Order shall govern the discovery in the case currently pending between the parties.  The Parties further request that the Court enter this Stipulated Protective Order as follows:

 IT IS HEREBY AGREED AND ORDERED:

     1. <u>Definitions</u>:  For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

         a.  "Counsel" shall mean the outside law firms who are counsel of record for the respective parties in this matter including their staff and independent contractors, and in-house counsel for the corporate parties herein, and such legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel for the sole purpose

of assisting in the litigation.

b.   "Outside Counsel"  shall mean the attorney or outside law firms who are counsel of record for the respective parties in this matter including their staff and independent contractors, and such legal, paralegal and secretarial staff employed or retained by Outside Counsel for the sole purpose of assisting in the litigation.  "Outside Counsel" specifically excludes, without limitation, any Pro Se Party,  in-house counsel for the corporate parties herein, and such legal, clerical, paralegal and secretarial staff employed or retained by Pro Se Party or  in-house counsel.

c.   "Documents" shall mean tangible records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things.

d.   "Requesting Party" shall mean the party, including the corporate entities or individuals, to this lawsuit seeking disclosure of information in response to written discovery, requests for admission, deposition questions or otherwise.

e.   "Pro Se Party"  shall mean any individual who is a party to the lawsuit but who is not represented by an attorney.

f.   "Proprietary Information" shall mean trade secret or other proprietary or confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, and employment records, training procedures, design drawings in any medium, patent applications, licenses, agreements, and contracts, trade data and research and development documents, customer identity and lists, and computer software programs in source code or object code.  Proprietary Information shall be of two

2

types:

(1) "Confidential" information shall mean Proprietary Information the disclosure of which shall be restricted to the Requesting Party and its Counsel. Confidential information shall not be used by the Requesting Party or its Counsel or disclosed to any third-party, except as expressly provided herein.

(2) "Confidential – Counsel's Eyes Only" shall mean Proprietary Information the disclosure of which shall be restricted to Outside Counsel for the Requesting Party.  This restriction specifically prohibits  "Confidential – Counsel's Eyes Only" information from being disclosed to Pro Se Parties and it shall not be disclosed by  Outside Counsel to the Requesting Party or to co-defendants who are Pro Se Parties or to any other person, except as expressly provided herein.  The designation "Confidential – Counsel's Eyes Only" shall be reserved for information which may not be disclosed to the Requesting Party or Pro Se Parties in this litigation: because of it or their status as a competitor; because the information, if relevant, is of a personal nature and considered private;  because the information has the potential to be highly damaging to the business of the producing party, apart from any competitive considerations; or because the information is likely to unfairly damage the producing party's reputation.  The types of information shall include information relating to prices, business plans, contractors, design professionals, vendors, agents, marketing information, trade secrets,  confidential product  details and designs, source code, customer lists or identities, profits, losses, confidential patent applications, private

information or other similar information of the most confidential nature.

2. <u>Designations</u>:

a. <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a party to disclose Proprietary Information of that party, shall be so identified by that party with the name of the classifying party, e.g. "Plaintiff" or "Defendant," followed by the appropriate classification as defined in paragraph 1(e)(1) or (2) above.  The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document.  Unless otherwise agreed, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party.  The party providing the documents designated as Proprietary Information shall be responsible for labeling such documents in accordance with the appropriate classification as defined in paragraph 1(e)(1) or (2) above.

b. <u>Document Inspections</u>: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Proprietary Information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records.  In such circumstances, only Outside Counsel for the Requesting Party shall be permitted to perform any initial review of the Documents.  No Documents of the party producing Documents shall be removed from

4

the site of the inspection or copied until such producing party has had an opportunity to review and designate such Documents in the manner previously explained.  Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the receiving party.

      c.  <u>Depositions</u>:  Deposition transcripts shall be treated initially as Proprietary Information designated as "Confidential – Counsel's Eyes Only" in their entirety until fifteen days after receipt unless the parties expressly agree otherwise.  In the event a party other than the disclosing party wishes to have a company representative attend the deposition, they shall withdraw from the deposition when requested to do so by the party asserting the confidentiality of the deposition testimony and exhibits. Within fifteen days after receipt of the transcript, any party may designate portions of a deposition transcript as Proprietary Information and designate the appropriate level of confidentiality.  The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting Proprietary Information and the category of confidentiality.  If portions of the transcript or exhibits were designated as Proprietary Information during the deposition, such designation remains in force and need not be reasserted under this paragraph.  Documents designated as Proprietary Information pursuant to this Protective Order shall retain their Proprietary Information status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

      d.  <u>Inadvertent Failure to Designate</u>:  If, through inadvertence, a producing party provides any material containing Proprietary Information without designating the

material as such, the producing party may subsequently inform the receiving party in writing of the Proprietary Information status of the material and designate the appropriate level of confidentiality.  The receiving party shall thereafter treat the disclosed material as Proprietary Information, in accordance with the written notification of the inadvertent disclosure.  The receiving party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Proprietary Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Proprietary Information designation. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the receiving party.

3.  <u>Non-use</u>:  Any Proprietary Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its Counsel for any business, commercial, competitive or publicity purposes. A Requesting Party or its Counsel shall not use any Documents designated Confidential or any Proprietary Information contained in the Confidential Documents for purposes of obtaining media attention or exposure or publicizing this litigation.  All obligations and duties arising under this Order shall survive the termination of this action.  This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order.

4.  <u>Obligations of Counsel</u>:  It shall be the responsibility of Counsel for the respective parties herein to ensure strict compliance with the provisions of this Protective Order in their

dealings with Proprietary Information, and it shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Proprietary Information as provided herein.  All persons responsible for determining that discovery responses, Documents and depositions contain Proprietary Information shall be familiar with this Order and the scope of its protection. All Proprietary Information including any and all copies thereof shall be kept by Counsel in a place appropriately safe, given its status.  Proprietary Information, whether in document, electronic or oral form may be disclosed to third persons only:

    a.  to the extent necessary for conducting this litigation,

    b.  only when such disclosure is preceded by a copy of this Order, and

    c.  only as follows to the following persons:

    (1) <u>The Court:</u>  The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    (2) <u>Experts:</u>  Proprietary Information may be disclosed to testifying or non-testifying experts who are not employees of the Parties and are utilized for purposes of this litigation only after each such consultant has read this Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Acknowledgment attached hereto as Exhibit A.

    (3) The Parties, Employees, Agents and Owners.  Any  information claimed by a producing Party as Proprietary Information that is designated as Confidential-Counsels' Eyes Only shall not be given to any other Party , directly

7

or indirectly. This prohibition includes any agent, employee, owner, officer or independent contractor of or on behalf of a Party that is not the the one who is producing and claiming the Proprietary Information, unless such an individual properly comes within one of the other categories of individuals that may properly receive such documents or Proprietary Information.  This prohibition includes any summary, synopsis, or portion of the Proprietary Information, whether orally, in writing or graphically, and continues after the termination of this action.  The parties may, if agreed to in writing by the Party claiming the Proprietary Information prior to any disclosure to an excluded person allow specific individuals to view or receive the Proprietary Information, who may otherwise be a persons excluded, but only for those purposes such as the participation in this action. Confidential Proprietary Information may be given to the other Parties, but only for the limited purposes of this suit and as otherwise restricted by this Order, including the duty to not disclose it to others during or after the suit.

(4) <u>Third Parties</u>:  With the exception of third party witnesses who either authored or previously received Proprietary Information, such information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing between Counsel in advance of any disclosure to such person and only upon execution of the Acknowledgment attached hereto as Exhibit A.

(5) <u>Deposition Witnesses</u>:  Deposition witnesses questioned by outside

counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness signs an Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

(6) An author or recipient of the Proprietary Information to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action;

(7) The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action and provided that such person sign an Acknowledgement in the form attached as Exhibit A and thereby agree to be bound by the terms of this Order;

5.   Pleadings:  All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed in sealed envelopes marked "Confidential Under Protective Order entered _____ (date) – designated confidential matter by _____ (party)" and shall be filed with a Motion for Filing Under Seal in accordance with Local Rule 7.2.  The Court shall not permit access to the contents of the envelope to anyone other than Outside Counsel without prior written order of this Court.

6.   Conclusion of the Litigation:  Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally

disposing of all issues raised in this litigation, Counsel and all other persons having possession

or control of another party's Proprietary Information thereof shall provide copies of all executed

Exhibit A documents and shall:  (a) return all Proprietary Information and any copies,

summaries, synopses, compilations or depictions thereof to the appropriate Counsel who

produced the Proprietary Information; or (b) destroy such Proprietary Information and all copies

to the extent it contains or is contained in any notes, summaries, digests, synopses or other

document added by Counsel or any other person after production.  Each Party shall give written

notice of and affirmance of such destruction by all recipients to all other Parties' Counsel.

Notwithstanding the foregoing, Counsel may retain both a physical and electronic copy of any

document containing Confidential information for archive purposes.

     7.  <u>Contested Designations</u>:  A party shall not be obligated to challenge the propriety of

designating any Proprietary Information at the time such designation is made, and failure to do

so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees at any

stage of these proceedings with the designation by the supplying party of any information as

Proprietary Information, the parties shall try first to resolve such dispute in good faith on an

informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief

from this Court but the party seeking to limit disclosure of information shall bear the burden of

proof that it does should be protected as Proprietary Information.  The parties may by stipulation

provide for exceptions to this Order and any party may seek an order of this Court modifying

this Protective Order.  This Order shall be without prejudice to either party to bring before the

Court at any time the question of whether any particular information is or is not, in fact

Proprietary Information.  While Proprietary Information shall remain under the protection of this

Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Proprietary Information protected hereunder if it is demonstrated that such information either:

  a. is in the public domain at the time of disclosure as a composite item of information (e.g., customer telephone number also with composite identification as a customer of the disclosing party, etc.);

  b. becomes part of the public domain with no breach of any obligations to or for the benefit of the producing party; or

  c. is information the Requesting Party can show by previously-existing written evidence was in its possession prior to the time of disclosure.

 8. <u>Non-waiver</u>:  The production of Documents by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the Document has waived any objection to the production, relevancy or admissibility of said Document.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.

 9. <u>Trial Procedures</u>:  The parties agree to jointly request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

 10. <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral

proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

11. <u>Interim Effect</u>:  This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court.  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

DATED at Denver, Colorado, this 21st day of September, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Agreed to this 20th day of September, 2007:

APPROVED:

s/ J. Mark Smith
J. Mark Smith
Kate E. Knickrehm
Pendleton, Friedberg,
Wilson & Hennessey, P.C.
1875 Lawrence Street, Tenth Floor
Denver, Colorado 80202
Telephone:  303-839-1204
Attorneys for Plaintiff

s/ William F. Croke
William F. Croke, LLC
600 17th Street, Suite 2800-South
Denver, CO  80202
Telephone:  303-571-9771
Fax: 303-265-9530
Attorney for Defendants Linli Construction,
Inc. and Gas-O-Haul, Inc.

s/ John Yelenick
John Yelenick, *pro se*
3650 South Dahlia Street
Denver, CO  80237
Telephone:  303-331-6828

s/ Bradley J. Light
Bradley J. Light, *pro se*
163 West Powers Circle, #204
Littleton, CO  80120

EXHIBIT A

**ACKNOWLEDGMENT**

The undersigned acknowledges that he or she has read the foregoing Stipulated

Protective Order agreed to by the parties and entered by the Court in this action and agrees to be

bound by its terms.

_____
(Signature)


_____
(Printed Name)


_____
(Date)