IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 07-cv-00563-CBS-MJW

L & W INNOVATIONS, LLC, a Colorado limited liability company,
    Plaintiff,
v.

LINLI CONSTRUCTION, INC., a Colorado corporation,
JOHN YELENICK, an individual,
GAS-O-HAUL, INC., a Colorado corporation,
BRADLEY J. LIGHT, an individual,
    Defendant.

---

MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on: (1) *pro se* Defendant Bradley J. Light's Motion to Dismiss Complaint, and Motion for an Order Compelling Arbitration and Stay Pending Arbitration (filed May 29, 2007) (doc. # 22); (2) *pro se* Defendant John Yelenick's Motion to Dismiss Complaint, and Motion for an Order Compelling Arbitration and Stay Pending Arbitration (filed May 29, 2007) (doc. # 25); (3) Defendants Linli Construction Inc.'s and Gas-O-Haul, Inc.'s Motion to Dismiss for Lack of Federal Question, Standing and Failure to State a Cause of Action (filed September 23, 2007) (doc. # 60); and (4) Defendants Linli Construction Inc.'s and Gas-O-Haul, Inc.'s Motion to Compel Arbitration and Stay or Dismiss Claims (filed December 7, 2007) (doc. # 80).

In accordance with 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R. 72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on July 23, 2007 (doc. # 47). By an Order of Reference dated July 23, 2007 (doc. # 48), this

1

case was randomly assigned to Magistrate Judge Craig B. Shaffer. The court has reviewed the Motions, the Responses filed June 15, 2007 (doc. # 30), October 15, 2007 (doc. # 67), and December 27, 2007 (doc. # 81), the Replies filed July 5, 2007 (doc. # 38), November 13, 2007 (doc. # 79), and January 14, 2008 (doc. # 82), the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.  Statement of the Case

L & W is a Colorado limited liability company. Jon Lips is a principal of L & W. Linli Construction, Inc. ("Linli") and Gas-O-Haul, Inc. ("GOH") are Colorado corporations. Mr. Yelenick is the president, a majority shareholder, and an officer of GOH. (*See* AC (doc. # 36) at ¶ 3). Mr. Light is a shareholder and officer of GOH. (*See* AC (doc. # 36) at ¶ 4).

GOH is the assignee of U.S. Patent No. 5,195,661 entitled "Composite Fluid Container" ("the '661 Patent") for a foldable one-time use gasoline carrier. (*See* AC (doc. # 36) at ¶ 8). Mr. Light is listed as the inventor of the '661 Patent. (*Id.*) GOH owns Federal Trademark Registration No. 1,951,321 for the mark "Gas-O-Haul" for use with the foldable one-time use gasoline carrier. (*See* AC (doc. # 36) at ¶ 9).

Mr. Lips became interested in producing and marketing the "Gas-O-Haul" foldable one-time use gasoline carrier. (*See* AC (doc. # 36) at ¶ 11). Mr. Lips entered into an agreement with Linli whereby Linli provided Mr. Lips with supplier and cost information for the "Gas-O-Haul" foldable one-time use gasoline carrier. (*See* AC (doc. # 36) at ¶ 12). Mr. Lips contacted the suppliers and learned that they were not interested in producing any gasoline carrier products. (*Id.*). As a representative of L & W, Mr. Lips undertook to

locate new suppliers of foldable gasoline carriers. (*See* AC (doc. # 36) at ¶ 13).

Mr. Lips also undertook to make improvements to the existing product by designing a new gasoline impervious liner, a new carrying handle, and a new system for securing the pouring spout to the outer shell ("Lips Gasoline Carrier Inventions"). (*See* AC (doc. # 36) at ¶ 13). By the end of May 2004, L & W was interested in manufacturing and marketing a New Gasoline Carrier that incorporated the Lips Gasoline Carrier Inventions. (*See* AC (doc. # 36) at ¶¶ 14-15). L & W was informed by Mr. Yelenick that the '661 Patent was valid and enforceable and covered the New Gasoline Carrier. (*See* AC (doc. # 36) at ¶ 15). L & W and Linli entered into a "Sub-License Royalty Agreement" ("Agreement") in July 2004. (*See* AC (doc. # 36) at ¶ 16; Agreement (Exhibit A) (doc. # 30-2 at pp. 2-5 of 19)). L & W entered into the Agreement based on Linli's and Mr. Yelenick's representation that the '661 Patent covered the New Gasoline Carrier and protected it "from third party marketplace intervention." (*See* AC (doc. # 36) at ¶ 16). In August 2004, L & W ordered New Gasoline Carrier samples, marked with the '661 Patent number, and sent them to potential distributors throughout the world. (*See* AC (doc. # 36) at ¶ 17).

In April 2006, L & W learned from its European distributor that the '661 Patent had been invalid since approximately 1996, there were no foreign patents corresponding to the '661 Patent, and thus no patent protection existed for the New Gasoline Carrier. (*See* AC (doc. # 36) at ¶ 21). A U.S. patent application and an international patent application filed in Mr. Light's name were published in May 2006. (*See* AC (doc. # 36) at ¶ 22). L & W concluded that the applications were attempts to patent in Mr. Light's name the New Gasoline Carrier designed by Mr. Lips. (*See* AC (doc. # 36) at ¶ 22).

In June 2006, L & W notified Linli that the Agreement was terminated effective August 1, 2006, based upon material breach. (*See* AC (doc. # 36) at ¶ 23). Linli has not contested the termination of the Agreement. (*See id.*). L & W subsequently began marketing the New Gasoline Carrier under the trademark ITZAGASCAN. (*See* AC (doc. # 36) at ¶ 24). L & W filed an application to register ITZAGASCAN with the U.S. Patent and Trademark Office. (*See* AC (doc. # 36) at ¶ 24). Linli has opposed L & W's application. (*See* AC (doc. # 36) at ¶ 25). L & W alleges that the Defendants have used ITZAGASCAN in connection with the sale of a foldable gasoline carrier in violation of L & W's legal rights to the trademark.

On March 21, 2007, L & W filed this action in the United States District Court for the District of Colorado based on original jurisdiction pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*See* Amended Complaint ("AC") (doc. # 36) at ¶ 5). L & W alleges seven claims for Declaration of Trademark Ownership, Federal Trademark Infringement, Common Law Trademark Infringement, Violation of Colo. Rev. Stat 6-1-105 (the Colorado Consumer Protection Act ("CCPA")), Civil Conspiracy, Misappropriation of Business Values, and Unjust Enrichment. (*See* AC (doc. # 36) First through Seventh Claims for Relief).

II. Defendants' Motions to Compel Arbitration and Stay or Dismiss

All Defendants move to compel arbitration and stay or dismiss L & W's claims. Defendants Yelenick and Light move pursuant to the arbitration clause in the Agreement, Title 9 U.S.C. §§ 3 and 4, and Colorado's Uniform Arbitration Act, § 13-22-207(1)(a). (*See*

docs. # 22 and # 25). Defendant GOH and Linli move pursuant to 9 U.S.C. §§ 2 and 3. (*See* doc. # 80).

The Federal Arbitration Act, 9 U.S.C. §§ 2, 3, and 4 provide in pertinent part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
> 9 U.S.C. § 2.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
> 9 U.S.C. § 3.
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.
> 9 U.S.C. § 4.

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., establishes "a federal policy favoring arbitration" and requires that courts "rigorously enforce agreements to arbitrate." *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks and citations omitted). *See also ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) ("Federal Arbitration Act . . . evinces a strong federal policy in favor of arbitration"). The Federal Arbitration Act leaves no place for the exercise

5

of discretion by a federal court. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The Act "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Byrd*, 470 U.S. at 218 (citing 9 U.S.C. §§ 3, 4).

Nevertheless, "[a]rbitration is a matter of contract." *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 13 F.3d 330, 332 (10th Cir. 1993) (citation omitted). "[F]ederal law does not require parties to arbitrate when they have not agreed to do so . . . ." *Collins v. Aikman Products Co. v. Building Systems, Inc.*, 58 F.3d 16, 19-20 (2d Cir. 1995) (internal quotation marks and citation omitted). While federal policy strongly favors arbitration, the court will not compel arbitration if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Collins*, 58 F.3d at 19 (internal quotation marks and citation omitted).

The court finds the arbitration clause here to be susceptible of interpretation as a matter of law. *See Zink*, 13 F.3d at 332 ("Interpretation of a contract such as the arbitration agreement at issue is a question of law where the contract's construction does not depend on extrinsic evidence and where the language is susceptible of only one reasonable interpretation.") (citations omitted). The arbitration clause is contained in the Agreement and provides for arbitration of all disputes which may arise in relation to the Agreement.

The Agreement addresses the licensing of the Gas-O-Haul foldable one time use gasoline carrier.

The mutual objective between the undersigned Parties is for L & W

6

> Innovations, LLC (L & W) to produce and deliver to the general public a safe, economical and market competitive Gas-O-Haul emergency fuel carrier creating a royalty revenue stream to LINLI Construction, Inc., a Colorado corporation (LINLI) and a profitable margin to L & W Innovations, LLC.

(Exhibit A (doc. # 30-2) at p. 2 of 19). Only L & W and Linli are parties to the Agreement.

On its face, the arbitration clause provides for arbitration of any disputes which arise regarding the licensing of the Gas-O-Haul foldable one time use gasoline carrier by Linli to L & W.

> Arbitration. Any dispute relating to this Agreement shall be resolved by arbitration before a representative of the Judicial Arbiter Group of Boulder, Colorado or, should such organization be unable to act, such other arbitrator as the parties, by agreement, may select. If the parties are unable to agree regarding such arbitrator, the parties agree that the venue of any litigation will be in the District Court of the city and County of Denver, Colorado. Any court having jurisdiction may enforce any award or injunctive relief.

(Exhibit A (doc. # 30-2) at p. 5 of 19).

The factual allegations forming the basis of the claims asserted, rather than the legal causes of action pleaded, determine whether a particular dispute falls within the reach of an arbitration clause. *State of New York v. Oneida Indian Nation of New York*, 90 F.3d 58, 61 (2d Cir. 1996) (citation omitted). L & W's First, Second, and Third Claims for Relief in the Amended Complaint allege violations of federal trademark rights in ITZAGASCAN. (*See* doc. # 36 at pp. 6-8 of 13). L & W's Fourth, Fifth, Sixth, and Seventh Claims for Relief in the Amended Complaint additionally allege tortious and unlawful conduct relating to the misappropriation of the ITZAGASCAN trademark and the New Gasoline Carrier. (*See* doc. # 36 at pp. 8-10 of 13).[1] L & W and Linli agreed to arbitrate

---

[1] In the Fifth Claim for Relief in the original Complaint, L & W alleged that Linli and Mr. Yelenick committed Fraud in the Inducement to enter into the Agreement

7

"any dispute relating to" the Sub-License Royalty Agreement regarding the "Gas-O-Haul emergency fuel carrier." Looking to the factual allegations forming the basis of L & W's claims, the court finds that the trademark, CCPA, tort, and unjust enrichment claims allege disputes concerning the trademark for ITZAGASCAN and Defendants' unlawful use of the ITZAGASCAN trademark and the New Gasoline Carrier. L & W's claims are not based on duties created by or rights owed under the Agreement governing the licensing of the Gas-O-Haul emergency fuel carrier. Under either the FAA or Colorado's Uniform Arbitration Act, the court concludes that the arbitration clause contained in the Agreement does not encompass the claims at issue in the Amended Complaint.

III. Defendants' Motion to Dismiss for Lack of Federal Question, Standing and Failure to State a Cause of Action

Defendants bring this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f). Defendants request

> that Plaintiffs strike all inconsistent and immaterial allegations of the Plaintiff under Rule 12(f) and Dismiss all causes of action for failure to state a cause of action, and the attendant admissions in Plaintiff's own evidence in support of such allegations under the appropriate standard of review for Rule 12(b) [sic].

(Defendants' Motion to Dismiss (doc. # 60) at p. 9 of 10).

The court is empowered to dismiss an action "for failure to state a claim upon which

---

by misrepresenting the status of the Gas-O-Haul patent and trademark rights. (*See* doc. # 1 at pp. 8-9 of 14). L & W filed an Amended Complaint that removed this claim. (*See* doc. # 36). L & W conceded that a claim of fraudulent inducement directed generally to a contract containing an arbitration agreement must be decided by the arbitrator. *See Ingold v. AIMCO/Bluffs, L.L.C. Apartments*, 159 P.3d 116, 121 (Colo. 2007).

relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F. 3d at 1215 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1968-69 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks and citation omitted).

A defendant presenting a Rule 12(b)(6) motion must accept the standard of review applicable to this procedural route. Defendants' arguments involve questions of law and fact that go well beyond the pleadings. (*See, e.g.*, doc. # 60 at p. 3 of 10 ("The Court should look past the mere allegations and determine if the claims upon which federal jurisdiction are asserted are supported by any substantive evidence.")). At this stage of the proceedings, L & W has sufficiently alleged jurisdiction, standing, and the necessary elements of its claims under both federal and state law. *See, e.g.,Wood v. Apodaca*, 375 F. Supp. 2d 942, 946-47 (N.D. Cal. 2005) ("To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must prove the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion.") (citation omitted); *Crowe v. Tull*, 126 P.3d 196, 201 (Colo. 2006) ("To prove a private claim

9

for relief under the CCPA, a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury."); *Stauffer v. Stegemann*, 165 P.3d 713, 718 (Colo. App. 2006) ("A claim for civil conspiracy has the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as the proximate result thereof.") (citation omitted), *cert. denied*, 2007 WL 2164570 (Colo. Jul 30, 2007); *Smith v. TCI Communications, Inc.*, 981 P.2d 690, 694-95 (Colo. App. 1999) ("A claim for misappropriation of business value may be established if a person appropriates a product of another's expenditure of labor, skill, and money.") (citations omitted); *Martinez v. Colorado Dept. Human Services*, 97 P.3d 152, 159 (Colo. App. 2003) ("Unjust enrichment is a judicially created remedy designed to avoid benefit to one to the unfair detriment of another. Unjust enrichment occurs when (1) at the plaintiff's expense, (2) the defendant received a benefit (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying.") (citations omitted). The pleadings do not establish beyond a doubt that L & W's allegations cannot plausibly support a legal claim for relief

Accordingly, IT IS ORDERED that:

1. *Pro se* Defendant Bradley J. Light's Motion to Dismiss Complaint, and Motion

for an Order Compelling Arbitration and Stay Pending Arbitration (filed May 29, 2007) (doc. # 22) is DENIED.

2. *Pro se* Defendant John Yelenick's Motion to Dismiss Complaint, and Motion for an Order Compelling Arbitration and Stay Pending Arbitration (filed May 29, 2007) (doc. # 25) is DENIED.

3. Defendants' Linli Construction Inc.'s and Gas-o Haul, Inc.'s Motion to Dismiss for Lack of Federal Question, Standing and Failure to State a Cause of Action (filed September 23, 2007) (doc. # 60) is DENIED.

4. Defendants' Linli Construction Inc.'s and Gas-O-Haul, Inc.'s Motion to Compel Arbitration and Stay or Dismiss Claims (filed December 7, 2007) (doc. # 80) is DENIED.

DATED at Denver, Colorado, this 17th day of March, 2008.

BY THE COURT:


s/ Craig B. Shaffer
United States Magistrate Judge

11