IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00563-CBS-MJW

L&W INNOVATIONS, LLC,

    Plaintiff,

v.

LINLI CONSTRUCTION, INC.;
JOHN YELENICK;
GAS-O-HAUL, INC; and
BRADLEY J. LIGHT,

    Defendants

and

JON LIPS,
CRAIG WARNIMONT,
PAUL CLUKIES

    Third Party Defendants

---

## STIPULATED PROTECTIVE ORDER

---

L&W Innovations, LLC, Linli Construction, Inc., Gas-O-Haul, Inc., John Yelenick, Bradley Light and Third-party Defendants Jon Lips, Craig Warnimont and Paul Clukies (collectively "the Parties"), by and through their undersigned counsel, as well as any third parties who during discovery become Disclosing Parties and agree to be bound by this Stipulated Protective Order either by signing a copy of Exhibit A hereof or by appearing at deposition either as a witness or in any authorized capacity, in this matter, hereby stipulate and agree that the following Protective Order shall govern the discovery in the case currently pending between the Parties. The Parties and signatories further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

    1. <u>Definitions</u>: For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

    a. "Counsel" shall mean the outside law firms who are counsel of record for the respective Parties in this matter including their independent contractors and clerical, paralegal and secretarial staff employed or retained by outside counsel for the sole purpose of assisting in the litigation.

    b. "Documents" shall mean tangible records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things. This definition includes, but is not limited to, any writing, recording, photograph, original and/or duplicate as defined pursuant to Federal Rule of Evidence 1001(1)-(4).

    c. "Disclosing Party" shall include, whether they are a party to this litigation or not, any person or entity that has been the source, whether directly or indirectly, of documents or information that is produced or disclosed that they deem proprietary and for which they properly seek protection pursuant to this Order.

    d. "Designating Party" shall mean any party who seeks protection of documents or information as proprietary under the terms of this Order.

    e. "Opposing Party" or "Opposing Parties" are those parties who have claims or counterclaims asserted against each other.

    f. "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information in response to informal discovery, written discovery, requests for admission, deposition questions or otherwise and any other party who is not the Disclosing Party.

    g. "Proprietary Information" shall mean trade secret or other proprietary or

confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, and employment records, training procedures, design drawings in any medium, non-public portions of patent applications and/or patents, licenses, agreements, and contracts, trade data and research and development documents, customer identity and lists, and computer software programs in source code or object code. Proprietary Information shall be of two types:

(1) "Confidential" information shall mean Proprietary Information the disclosure of which shall be restricted to the Parties and their Counsel. Confidential information shall not be used or disclosed to any third-party, except as expressly provided herein.

(2) "Confidential - Counsel's Eyes Only" shall mean Proprietary Information the disclosure of which shall be restricted to Outside Counsel for the Requesting Party. This restriction specifically prohibits "Confidential – Counsel's Eyes Only" information from being disclosed to Requesting Party or to any other person, except as expressly provided herein. The designation "Confidential – Counsel's Eyes Only" shall be reserved for information which may not be disclosed to the Requesting Party in this litigation: because of its or their status as a competitor; because the information, if relevant, is of a personal nature and considered private; because the information has the potential to be highly damaging to the business of the producing party, apart from any competitive considerations; or because the information is likely to unfairly damage the producing party's reputation. The types of information shall include information relating to prices, business plans, contractors, design professionals, vendors, agents, marketing information, trade secrets, confidential

product details and designs, source code, customer lists or identities, profits, losses, confidential patent applications, private information or other similar information of the most confidential nature.

2. While Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court, the definition of Proprietary Information does not include any information that is sufficiently part of the public domain at the time of disclosure or later becomes so through no fault of the Requesting Party; provided, however, that a compilation of discrete elements, each of which is in the public domain, shall not necessarily be deemed to be in the public domain unless the compilation itself is also part of the public domain. In addition, the definition of Proprietary Information will not include information that the Requesting Party can prove by previously existing written evidence was in its lawful possession and that it is does not currently have a duty of confidentiality respecting that information. It is the responsibility of the Requesting Party to dispute the proprietary nature of a document pursuant to Section 7 of this Order.

a. Nothing in this Order constitutes a finding by the Court or an admission by any party that any Document or piece of information does or does not constitute confidential and proprietary information, or a trade secret, or that the Requesting Party was not entitled to possess or disclose such information.

3. <u>Designations</u>:

a. <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a Disclosing Party to disclose Proprietary Information of that party, shall be so identified by the Disclosing Party with the name of the Disclosing Party or classifying party, e.g. "Plaintiff

X", "Defendant Y," or Disclosing Party, followed by the appropriate classification as defined in paragraph 1. g. (1) or (2) above. The identity of the Disclosing Party or classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document. Unless otherwise agreed, the identification and designation and classification as Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party. The Disclosing Party designating the Documents as Proprietary Information shall be responsible for labeling such Documents in accordance with the appropriate classification as defined in paragraph 1. g. (1) or (2) above.

  b. <u>Document Inspections</u>: The Parties and Disclosing Parties recognize that in some instances it may not be possible to identify or designate beforehand specific Documents which should be designated as Proprietary prior to inspection due to the volume of Documents, where a Party learns of the specific disclosure by others or by selection by Requesting Party for production what the Designating Party considers to be Proprietary Information at the time of disclosure, and/or the legitimate desire of a Party or third party not to mark its original records. Therefore, all Documents and the Proprietary Information contained therein made available for inspection by the Disclosing Party shall initially be treated as "Confidential – Counsel's Eyes Only" for fifteen (15) days following the inspection and selection, or fifteen (15) days from the time the disclosure of documents or information becomes known to Designating Party by written notice that a third party has disclosed documents or information that may be deemed Proprietary. The Disclosing Party or the Designating Party seeking to restrict said information shall have fifteen (15) days

following the Requesting Party's inspection and selection for copying of the Documents or upon written notice of the disclosure for an opportunity to review and designate such Documents or information in the manner previously explained. No copies of documents selected by Requesting Party may be removed from the site of the inspection prior to their being designated as "Confidential" or "Confidential – Counsel's Eyes Only" or the fifteen (15) days for designation, whichever occurs first. The Parties may by express agreement alter the time or manner of determination and designation. Any alternative agreement shall be reduced to writing or otherwise recorded within a reasonable time after the agreement.

  c. <u>Depositions</u>: Deposition transcripts shall be treated initially as Proprietary Information designated as "Confidential – Counsel's Eyes Only" in their entirety until thirty (30) days after receipt unless the parties expressly agree otherwise. In the event a party other than the disclosing party wishes to have a company representative attend the deposition, they shall withdraw from the deposition when requested to do so by the party asserting the confidentiality of the deposition testimony and exhibits. Within thirty (30) days after receipt of the transcript, any party may designate portions of a deposition transcript as Proprietary Information and designate the appropriate level of confidentiality. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting Proprietary Information and the category of confidentiality. If portions of the transcript or exhibits were designated as Proprietary Information during the deposition, such designation remains in force and need not be reasserted under this paragraph. Documents designated as Proprietary Information pursuant to this Protective Order shall retain their Proprietary Information status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

d. <u>Inadvertent Failure to Designate as "Confidential" or "Confidential – Counsel's Eyes Only"</u>: If, through inadvertence, a Disclosing Party or Designating Party does not timely designate material containing "Confidential" or "Confidential – Counsel's Eyes Only" information, the Disclosing Party or any Party may subsequently inform the Receiving Party in writing of the "Confidential" or "Confidential – Counsel's Eyes Only" status. The Receiving Party shall thereafter treat the designated material in accordance with this Protective Order and in accordance with the written notification of the inadvertent failure to designate. The Receiving Party shall take reasonable steps to advise persons to whom disclosures, copies or notes were provided prior to receipt of a "Confidential" or "Confidential – Counsel's Eyes Only" designation and inform the Disclosing Party of the name, address, and date of the disclosure, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of Documents disclosed prior to the receipt of the corrected "Confidential" or "Confidential – Counsel's Eyes Only" designation.

e. <u>Inadvertent Disclosure of Attorney-Client Privileged or Work Product Protected Documents</u>: If, through inadvertence, a Disclosing Party provides any privileged attorney-client or work product material, the Disclosing Party may subsequently inform the Receiving Party in writing of the inadvertent disclosure, and describe the privileged material and request its return. Any Documents and all copies which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned, and any notes or analysis destroyed by the Receiving Party. Counsel agree to abide by the applicable rules of professional conduct regarding inadvertent disclosures of attorney-client or work product privileged Documents, including notifying the Disclosing Party of the

error if it is apparent that the Document should not have been produced.

4. <u>Non-use</u>: Any Proprietary Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its Counsel for any business, commercial, competitive or publicity purposes. A Requesting Party or its Counsel shall not use any Proprietary Information for purposes of obtaining media attention or exposure or publicizing this litigation. All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the Parties to resolve any dispute regarding the improper use of information disclosed under this Order. All Documents produced during the course of this litigation shall be used only for purposes of this litigation and shall be returned to the Disclosing Party or destroyed by Counsel within 60 days following the termination of this action, except as provided in section 6(c).

5. <u>Obligations of Counsel</u>: It shall be the responsibility of Counsel for the respective Parties to ensure strict compliance with the provisions of this Protective Order in their dealings with Proprietary Information, and it shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Proprietary Information as provided herein. All persons responsible for determining that discovery responses, Documents and depositions contain Proprietary Information shall be familiar with this Order and the scope of its protection. All Proprietary Information including any and all copies thereof shall be kept by Counsel in a place appropriately safe, given its status. Counsel is also responsible for ensuring that all Documents produced during the course of this litigation under the control of Counsel (as defined by Section 1(a) of this Order) are returned to the

Disclosing Party or destroyed within 60 days following the termination of this action, as discussed in section 3 of this Order, except as provided by Section 6(c) of this Order. Proprietary Information may be disclosed to third persons only to the extent necessary for conducting this litigation, and only as follows:

    a. <u>The Court:</u>  The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b. <u>Experts</u>: Proprietary Information may be disclosed to testifying or non-testifying experts who are not employees of the Parties and are utilized for purposes of this litigation only after each such consultant has read this Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Agreement and Acknowledgment attached hereto as Exhibit A.  Experts may maintain copies of Documents containing Proprietary Information and notes concerning them, subject to the provisions of Paragraph 6 herein, while maintaining their confidentiality pursuant to this Order.

    c. <u>Deposition Witnesses</u>:  Deposition witnesses may be questioned by Counsel of record for a Party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness either (i) signs an Agreement and Acknowledgement in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order and any enforcement thereof by order of a court of competent jurisdiction where the third party resides or may be found or (ii) is instructed at the outset of the deposition that they are to maintain the confidentiality of the Proprietary Information under Order of the Court.

c. e. Insurer: The claims counsel or representative of any insurer of any Party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action and provided that such person sign an Agreement and Acknowledgement in the form attached as Exhibit A and thereby agree to be bound by the terms of this Order.

f. Other Third Parties: Proprietary Information may not be disclosed to third parties absent a written agreement between counsel, with the following exceptions: (1) persons who fall within the definition of "Counsel' in Section 1(a) of this agreement; and (2) witnesses who either authored or previously received the Proprietary Information. Any such Third Parties must execute the Acknowledgement attached as Exhibit A.

6. Pleadings: All papers, Documents and transcripts containing or revealing the substance of Proprietary Information and designated Documents shall be filed in sealed envelopes marked "Confidential Under Protective Order entered _____ (date) – designated confidential matter by _____ (party)" and shall be filed with a Motion for Filing Under Seal in accordance with Federal Rules of Civil Procedure. The Court shall not permit access to the contents of the envelope to anyone other than Counsel without prior written order of this Court.

7. Conclusion of the Litigation: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of a Disclosing Party's Proprietary Information thereof shall provide copies of all executed Exhibit A Documents and shall:

8. (a) return all Proprietary Information and any copies thereof to the

appropriate Counsel or Disclosing Party who produced the Proprietary Information; or

9. (b) destroy all such Proprietary Information and all Documents, things and copies to the extent the Proprietary Information is contained in any notes, summaries, digests, analysis, synopses or other Document added or created by Counsel or any other person or consultant after production. Each Party shall give written notice of such destruction to all Counsel and Disclosing Parties. Notwithstanding the foregoing, Counsel may retain both a physical and electronic copy of any Document containing Confidential and Proprietary Information for archive purposes.

10. (c) Notwithstanding any other provisions of this Order, Counsel for each party may retain one complete set of all "Confidential" and "Confidential – Counsel's Eyes Only" documents and information, including the work product of experts or consultants, in order to maintain a complete record of the case in counsel's files for a period of time consistent with the law firm's document retention policy. Counsel agrees to protect the confidentiality of said Proprietary Information similar to how it would protect it or its clients' highly confidential information and keep it from being disclosed.

11. <u>Contested Designations</u>: If a party believes that a document designated or sought to be designated "Confidential" or "Confidential – Counsel's Eyes Only" by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the designating party to demonstrate that the designation is proper pursuant to this Order. The Parties may, by stipulation, provide for exceptions to this Order, and any Party may seek an order of this Court modifying this

Protective Order. This Order shall be without prejudice to any Party's right to bring before the Court the question of whether a particular document is properly designated "Confidential" or "Confidential – Counsel's Eyes Only".

12. 8. <u>Non-waiver</u>: The production of Documents by a Disclosing Party under the terms of this Order and in response to a request by a Party shall not be construed to mean that the Disclosing Party producing the Document has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any Party from opposing any discovery on any basis.

13. 9. <u>Trial Procedures</u>: The Parties and Disclosing Parties agree to jointly request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

As noted in section 1.g.(2) of this Order, Documents produced under the designation of "Confidential" or "Confidential – Counsel's Eyes Only" shall be stamped or marked as such. These stamps or marks shall be removed for purposes of trial. At no time, however, shall the production or use of any Document or the information contained therein, whether or not it is stamped, or by the removal of any stamp or marking, serve as a waiver of the ongoing duty of confidentiality with regard to Documents known to be confidential by the receiving party, by operation of this Order, or by the designation before, during, or after trial, nor shall production, use or removal of any stamp or marking diminish the Disclosing Party's right to assert that the Documents contain trade secrets, highly confidential information, or are proprietary in nature. In the event Proprietary Information is erroneously published or made available under circumstances that may limit the ability of the Disclosing

Party to assert that it continues to be proprietary or a trade secret, all Parties to this Order agree to comply with the procedures set forth in Section 2 (d), Inadvertent Failure to Designate, as appropriate to enable the Disclosing Party to take all reasonable steps to maintain or restate their claim of confidentiality and/or trade secret status.

14. 10. <u>Subpoena</u>: If a non-party demands by subpoena the production of documents or information designated "Confidential" or "Confidential – For Attorneys' Eyes Only" governed by this order, the party served with the non-party subpoena must notify the opposing parties and the party that produced the documents or information designated as "Confidential" or "Confidential – For Attorneys' Eyes Only" within seven (7) business days of the receipt of the subpoena or at least 48 hours before compliance with the subpoena, whichever is earlier, in order to allow the disclosing party an opportunity to protect its interests.

15. 11. <u>Modification</u>: Stipulations may be made, between Counsel for the respective Parties and Disclosing Parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party or Disclosing Party from seeking an order of the Court modifying or supplementing this Order.

16. 12. <u>Interim Effect</u>: This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order

shall be protected by the Parties pursuant to these terms.

DATED at Denver, Colorado, this 24th day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Agreed to by Counsel this 20th day of November, 2008:

APPROVED:

| *s/ J. Mark Smith* | *s/ Ryan C. Gill* |
|---|---|
| J. Mark Smith | Todd L. Vriesman |
| Kate E. Knickrehm | Ryan C. Gill |
| Pendleton, Friedberg, Wilson & Hennessey, P.C. | Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P. |
| 1875 Lawrence Street, Tenth Floor | 1775 Sherman Street, 21st Floor |
| Denver, CO 80202 | Denver, CO 80203 |
| *Attorneys for Plaintiff, Third Party Defendants Jon Lips and Craig Warnimont* | *Attorney for Defendants Linli Construction, Inc. and Gas-O-Haul, Inc., John Yelenick, and Bradley J. Light* |

*s/ James R. Benson, Jr.*
James R. Benson, Jr.
P.O. Box 18948
Denver, CO 80218
*Attorney for Third Party Defendant Paul Clukies*

# EXHIBIT A

# RESTRICTIONS AS TO USE OR DISCLOSURE OF PROPRIETARY INFORMATION

You are being provided with information related to a lawsuit pending in the U.S. District Court, District of Colorado. Whether by your agreement to the restrictions contained herein or by operation of the applicable orders entered by the Court including the Stipulated Protective Order, a copy of which is attached to this Exhibit A and is also available from any Party's attorney, the information you receive is deemed to be confidential and proprietary information and, subject to the terms of the Stipulated Protective Order, you may not discuss or divulge the information provided to you that you did not previously lawfully possess, to any person, whether or not they are a party to this litigation, other than your personal legal counsel.

Subject to the terms of the Stipulated Protective Order, if you authored or have otherwise previously received or reviewed the information provided to you, the only person(s) you may discuss this information with are counsel and any party who also authored or who is known to you to have previously and lawfully received or reviewed the information.

Subject to the terms of the Stipulated Protective Order, you may not retain a copy or notes of any documents or information provided to you, which was not previously in your lawful possession.

In the event you have any questions as to whether information or documents are claimed to be proprietary and covered by this Protective Order, you should contact the attorney of any party to assist you at no expense to you.

You understand that by your signature or by order of the Court you are to be bound by the terms of this Order and that you are therefore bound, to the full extent of the law, by the orders and rulings of any court of general jurisdiction where you may be found for purposes of the enforcement of this Order.

**The undersigned acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the Parties and entered by the Court in this action and agrees to be bound by its terms.**

_____
(Signature)

_____
(Printed Name)

_____
(Date)

In the alternative, the undersigned acknowledges that a copy of the Protective Order and

Exhibit A was given to _____ at the commencement of his/her deposition on the \_\_\_\_ day of _____, 2008.

_____
(Signature)

_____
(Printed Name)

_____
(Date)