IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 07-cv-00563-CBS-MJW

L & W INNOVATIONS, LLC, a Colorado limited liability company,
    Plaintiff,
v.

LINLI CONSTRUCTION, INC., a Colorado corporation,
JOHN YELENICK, an individual,
GAS-O-HAUL, INC., a Colorado corporation,
BRADLEY J. LIGHT, an individual,
    Defendants.

---

LINLI CONSTRUCTION, INC., a Colorado corporation,
JOHN YELENICK, an individual,
GAS-O-HAUL, INC., a Colorado corporation,
    Defendants/Counterclaim Plaintiffs,
v.

L & W INNOVATIONS, LLC, a Colorado limited liability company,
    Counterclaim Defendant.

---

LINLI CONSTRUCTION, INC., a Colorado corporation,
GAS-O-HAUL, INC., a Colorado corporation,
    Defendants/Third-Party Plaintiffs,
v.

JON LIPS,
CRAIG WARNIMONT,
PAUL CLUKIES,
    Third-Party Defendants.

---

MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on Third Party Defendant Paul Clukies'

"Motion to Reconsider Denial of Paul Clukies' Motion to Dismiss Third-Party Complaints

1

Filed Against Him, and Motion to Dismiss Based on Fed. R. Civ. P. 13(b)" (filed July 28, 2008) (doc. # 115).

In accordance with 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R. 72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on July 23, 2007 (doc. # 47). By an Order of Reference dated July 23, 2007 (doc. # 48), this case was randomly assigned to Magistrate Judge Craig B. Shaffer. The court has reviewed the Motion, the Response filed by Defendants Linli Construction, Inc. ("Linli") and Gas-O-Haul, Inc. ("GOH") on August 15, 2008 (doc. # 119), Mr. Clukies' Reply (filed August 22, 2008) (doc. # 120), the arguments presented at the hearing held on July 15, 2008 (*see* doc. # 114), the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.  Background

Plaintiff L & W Innovations, Inc. ("L&W") filed this action on March 21, 2007 based on original jurisdiction pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*See* Amended Complaint ("AC") (doc. # 36) at ¶ 5). L&W alleges seven claims for Declaration of Trademark Ownership, Federal Trademark Infringement, Common Law Trademark Infringement, Violation of Colo. Rev. Stat 6-1-105 (the Colorado Consumer Protection Act ("CCPA")), Civil Conspiracy, Misappropriation of Business Values, and Unjust Enrichment. (*See* AC (doc. # 36) First through Seventh Claims for Relief). On March 31, 2008, Defendants Linli and GOH filed Counterclaims and Third Party Claims against L&W, Jon Lips, Craig Warnimont, and Mr. Clukies, alleging violations of the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. § 7-74-101 *et seq.*, civil conspiracy,

and unjust enrichment. (*See* docs. # 89 and # 90). Defendant Linli alleged an additional Counterclaim against L&W and additional Third Party Claims against L&W, Mr. Lips, Mr. Warnimont, and Mr. Clukies for federal trademark infringement, common law trademark infringement, misappropriation of business values, and demand for accounting. (*See* doc. # 90).[1] L&W, Mr. Lips, Mr. Warnimont, and Mr. Clukies have filed their Answers to the Counterclaims and the Third Party Claims. (*See* docs. # 93, # 94, # 95, # 116, and # 117).

II.     Standard of Review

A motion for reconsideration filed prior to final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 (10th Cir. 1991). A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[T]he basis for the second motion must not have been available at the time the first motion was filed." *Id.* "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (citation omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

---

[1] *Pro se* Defendant, Mr. Yelenick, filed counterclaims against L&W for breach of express contract, quantum meruit, and unjust enrichment. (*See* doc. # 92).

3

III. Analysis

Mr. Clukies asks the court to reconsider its denial of his initial Motion to Dismiss Third Party Complaints (doc. # 106) based on Fed. R. Civ. P. 14 and further to dismiss the Third Party Complaints against him pursuant to Fed. R. Civ. P. 13.

Third party practice in the federal courts is governed by Fed. R. Civ. P. 14. "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Fed. R. Civ. P. 14(a). "However, such third-party practice, or impleader, is permitted only where the defendant can show that if it is found liable to the plaintiff, then the third party will be liable to the defendant. A third-party defendant may not be impleaded merely because he may be liable to the plaintiff." *Independent Liberty Life Ins. Co. v. Fiduciary and General Corp.*, 91 F.R.D. 535, 539 (W.D. Mich. 1981) (citations omitted). "[T]he proper relationship of the two sides of a third-party complaint is equivalent to that of plaintiff-defendant. Prior to being added as a third-party defendant, it must be established that such third-party defendant will be secondarily or derivatively liable for any loss suffered by the principal defendant in the primary dispute." *Id.*, 91 F.R.D. at 539 (citation omitted). "The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Armour and Co. v. Jones*, 84 F.R.D. 606, 608 (D. Okla. 1978).

The court previously determined that Rule 14 did not preclude the Third Party Claims against Mr. Clukies. In denying Mr. Clukies' initial Motion based on Rule 14, the court distinguished *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299 (D. Colo. 1984), on the facts. In

*Saine*, the third party claims did "not derive from this complaint" and thus, third party liability did "not depend at all on the outcome" of the claims in the complaint. 582 F. Supp. at 1309-10. Here, Defendants Linli, GOH and Yelenick allege all but one Counterclaim and Third Party Claim simultaneously against L&W, Mr. Lips, Mr. Warnimont, and Mr. Clukies. The court determined that the Third Party Claims may sufficiently depend on the outcome of the Plaintiff's claims such that Rule 14 does not require dismissal.

In *Saine*, the district court noted that third party claims may also be brought pursuant to Rule 13(h). *See* 582 F. Supp. at 1310 n. 15. Here, the court further declined to dismiss the Third Party Claims against Mr. Clukies' pursuant to Rule 13(h). The court concluded that because L&W is a party to the Counterclaims, Rule 13(h) authorized the Third Party Claims against Mr. Clukies, relying on *Various Markets, Inc. v. Chase Manhattan Bank, N.A.*, 908 F. Supp. 459 (E.D. Mich. 1995). *See* Fed. R. Civ. P. 13(h) ("Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20."). "[S]o long as at least one party against whom a counterclaim/third-party claim is asserted was a party to the original action, counterclaims may be asserted against additional third parties. . . ." *Various Markets*, 908 F. Supp. at 471. L&W is the original Plaintiff and a party to all of the Counterclaims.

Rule 13(h) permits Defendants to make Mr. Clukies a party in accordance with the provisions of Rule 20. Rule 20 allows permissive joinder of any third parties against whom there is "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P.

5

20(a). In light of the liberal "series of transactions or occurrences" and "any question of law or fact" language, the court concludes that Defendants may properly assert their Third Party Claims against Mr. Clukies.[2]

The court does not perceive grounds for alteration of its previous ruling on Mr. Clukies' Motion to Dismiss or for granting his current Motion to Dismiss. First, Mr. Clukies essentially reargues issues already addressed by the court. Advancing "new arguments, or supporting facts which were available at the time of the original motion is not sufficient" to merit reconsideration.

Second, the court did not err by considering Mr. Clukies' Motion under Rule 13(h) as well as Rule 14. *See Brown v. UAW*, 85 F.R.D. 328, 333 (W.D. Mich. 1978) (after rejecting arguments to add a cross-Defendant based on Rule 13(h), court determined that party could properly be added pursuant to rule 14(a)).

Third, permission to add Mr. Clukies as a Third Party Defendant "rests within the discretion of the court, as both Rules 13(h) and 20(a) by their very language provide for discretionary joinder." *Cook v. St. Louis-San Francisco Railway Co.*, 75 F.R.D. 619, 622 (W.D. Okla. 1974).

> Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are intended to avoid circuity of

---

[2] Certain of Defendants' Counterclaims and Third Party Claims provide federal question jurisdiction, with the additional claims covered by supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically. The aim of these rules is facilitation not frustration of decisions on the merits.

*Independent Liberty Life Ins. Co.*, 91 F.R.D. at 539 (quoting *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy*, 414 F.2d 143, 146 (C.A. Tenn. 1969) (internal quotation marks and citations omitted)).

> "We understand it to be the purpose of Rule 13 and the related rules that all such matters may be tried and determined in one action and to make it possible for the parties to avoid multiplicity of litigation. The intent of the rules is that all issues be resolved in one action, with all parties before one court, complex though the action may be."

*LASA*, 414 F.2d at 147.

"The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (citation omitted). "[J]oinder of claims, parties and remedies is strongly encouraged." *Id.* (internal quotation marks and citation omitted).

The court is not convinced that it has misapprehended the facts, the parties' positions, or the controlling law. The court is satisfied that on the basis of Rule 13(h), Rule 20(a), and pertinent caselaw, Mr. Clukies' request for dismissal of the Third Party Claims was and is properly denied.

Accordingly,

IT IS ORDERED that Third-Party Defendant Paul Clukies' "Motion to Reconsider Denial of Paul Clukies' Motion to Dismiss Third-Party Complaints Filed Against Him, and Motion to Dismiss Based on Fed. R. Civ. P. 13(b)" (filed July 28, 2008) (doc. # 115) is DENIED.

DATED at Denver, Colorado, this 27th day of January, 2008.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge