IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 07-cv-00563-CBS-MJW

L & W INNOVATIONS, LLC, a Colorado limited liability company,
　　　Plaintiff,
v.

LINLI CONSTRUCTION, INC., a Colorado corporation,
JOHN YELENICK, an individual,
GAS-O-HAUL, INC., a Colorado corporation,
BRADLEY J. LIGHT, an individual,
　　　Defendants.
_____

MEMORANDUM OPINION AND ORDER
_____

　　　This civil action comes before the court on: (1) "Defendants' Motion for Partial Summary Judgment and Memorandum Brief" as to Plaintiff's claim for unjust enrichment (filed March 26, 2009) (doc. # 154); and (2) "Plaintiff L&W Innovations, LLC's Motion to Modify Scheduling Order and Motion for Partial Summary Judgment, or, in the Alternative, Motion in Limine" (filed June 12, 2009) (doc. # 194). Pursuant to 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R. 72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on July 23, 2007 (doc. # 47) and by an Order of Reference dated July 23, 2007 (doc. # 48), this case was randomly assigned to Magistrate Judge Craig B. Shaffer. The court has reviewed the pending Motions, the Responses filed April 14, 2009 (doc. # 160) and July 2, 2009 (doc. # 201), the Reply filed April 30, 2009 (doc. # 173), the entire case file, the exhibits, and the applicable law, and is sufficiently advised in the premises.

1

I.      Procedural Background

On March 21, 2007, Plaintiff L&W Innovations, LLC ("L&W") filed this action in the United States District Court for the District of Colorado based on original jurisdiction pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*See* Amended Complaint ("AC") (doc. # 36) at ¶ 5).   On May 7, 2009, Defendants and Third Party Plaintiffs Linli Construction, Inc. ("Linli") and Gas-O-Haul, Inc. ("GOH") voluntarily dismissed certain of their Counterclaims and Third Party Claims.   (*See* doc. # 179).   On May 20, 2009, Plaintiff L&W voluntarily dismissed certain of its Claims.   (*See* doc. # 181).   At the conclusion of the hearing held on June 4, 2009, the court indicated that it would dismiss L&W's claim for violation of Colo. Rev. Stat 6-1-105, the Colorado Consumer Protection Act ("CCPA"), as to all Defendants and L&W's claim for common law civil conspiracy as to Defendants Linli and Yelenick.   (*See* Courtroom Minutes/Minute Order (doc. # 191)).   Thus, as the case is currently postured, L&W alleges claims for:

(1) Declaration of Trademark Ownership against Defendant Linli;
(2) Federal Trademark Infringement against Defendants Linli and Yelenick;
(3) Common Law Trademark Infringement against Defendants Linli and Yelenick; and
(4) Unjust Enrichment against all Defendants.

(*See* Amended Complaint (doc. # 36); *see also* "Order Granting Plaintiff's Motion for Voluntary Dismissal of Claims Pursuant to Fed. R. Civ. P. 41(a)(2)" (doc. # 186); Courtroom Minutes/Minute Order (doc. # 191)).   Defendant/Third Party Plaintiff Linli alleges counterclaims and third party claims for:

(1) Breach of Contract against L&W;
(2) Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101 *et seq.*, against L&W, Lips, Warnimont, and Cluckies;
(3) Common Law Trademark against L&W, Lips, and Warnimont;
(4) Civil Conspiracy against L&W, Lips, Warnimont, and Cluckies under

Colorado law;
(5) Misappropriation of Business Values against L&W, Lips, and Warnimont
under Colorado law;
(6) Unjust Enrichment against L&W, Lips, and Warnimont under Colorado
law; and
(7) Demand for Accounting against L&W, Lips, and Warnimont.

(*See* doc. # 90; *see also* "Order Granting Third Party Plaintiffs' Motion for Voluntary

Dismissal of Claims Pursuant to Fed. R. Civ. P. 41(a)(2)" (doc. # 179)).  Defendant/Third

Party Plaintiff Gas-O-Haul, Inc. alleges counterclaims and third party claims for:

(1) Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101 *et
seq.*, against L&W, Lips, Warnimont, and Cluckies;
(2) Civil Conspiracy against L&W, Lips, Warnimont, and Cluckies under
Colorado law; and
(3) Unjust Enrichment against L&W, Lips, and Warnimont under Colorado
law.

(*See* doc. # 89; *see also* "Order Granting Third Party Plaintiffs' Motion for Voluntary

Dismissal of Claims Pursuant to Fed. R. Civ. P. 41(a)(2)" (doc. # 179)).  Remaining before

the court are Defendants' Motion for Partial Summary Judgment as to L&W's claim for

unjust enrichment (*see* doc. # 154 at pp. 10-12 of 14) and L&W's Motion for Partial

Summary Judgment (doc. # 194).


II.     Analysis

A.      Defendants' Motion for Partial Summary Judgment as to L&W's Claim for Unjust
Enrichment

Defendants argue that L&W's Seventh Claim for Relief for unjust enrichment is

preempted by federal patent law and is unsupported by any evidence.  "Unjust enrichment

is a judicially created remedy designed to avoid benefit to one to the unfair detriment of

another.  Unjust enrichment occurs when (1) at the plaintiff's expense, (2) the defendant

received a benefit (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying." *Martinez v. Colorado Dept. Human Services*, 97 P.3d 152, 159 (Colo. App. 2003) (citations omitted). Unjust enrichment actions are equitable in nature. *Interbank Invs., L.L.C., v. Vail Valley Consol. Water Dist.*, 12 P.3d 1224, 1229-30 (Colo. App. 2000). As an equitable remedy, unjust enrichment does not depend on any contract, oral or written. *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008) (citation omitted). Unjust enrichment implies a contract – often referred to as a quasi-contract – which requires a party who is unjustly enriched to make restitution in quantum meruit. *Redd Iron, Inc. v. International Sales and Services*, 200 P.3d 1133, 1138 (Colo. App. 2008). "[M]alfeasance need not invariably be shown to establish unjust enrichment." *Redd Iron*, 200 P.3d at 1138.

While L&W may not recover damages under its unjust enrichment claim that are identical to those available under its other claims, "it is well-established that a plaintiff may seek alternative theories of recovery, even when only one of those theories could actually bear fruit at trial." *Board of County Commissioners of La Plata County v. Brown Group Retail, Inc.*, 598 F. Supp 2d 1185, 1192 (D. Colo. 2009) (citations omitted). To the extent that L&W's unjust enrichment claim is premised upon Defendants' continued acceptance of royalty payments for a product that had no trademark or patent rights, L&W may present its evidence at trial. The court will determine at trial what theory of recovery will ultimately be submitted to the trier of fact.

As to Defendants' argument that L&W's claim of unjust enrichment is not supported by the evidence, "[w]hether a party is entitled to recovery on a theory of unjust enrichment requires a trial court to engage in a highly fact-intensive inquiry." *Redd Iron*, 200 P.3d at

4

1136 (internal quotation marks and citation omitted).  The court concludes that Defendants have not demonstrated that there is no genuine issue as to any material fact on L&W's unjust enrichment claim.  The court and/or the jury will determine at trial whether L&W's unjust enrichment claim is supported by sufficient evidence.

B.      L&W's Motion for Partial Summary Judgment

On December 7, 2007, Defendants moved to dismiss L&W's claims based upon the arbitration clause in the sublicense agreement.  L&W conceded that the misrepresentation claim triggered the arbitration provision, agreed to voluntarily dismiss that claim, and filed the Amended Complaint on June 28, 2007. (*See* docs. # 30, # 36).  On March 17, 2008, the court denied Defendants' motions.  (*See* doc. # 86).

On March 31, 2008, Defendants Linli and GOH filed their Answers, Counterclaims, and Third Party Claims against L&W, Lips, Warnimont and Cluckies ("L&W Parties"), including claims for breach of contract and unjust enrichment.  (*See* docs. # 89, # 90). None of the L&W Parties moved to arbitrate the Counterclaims or Third Party Claims until after the court raised a question at the hearing held on June 4, 2009.  L&W now argues that, while the dispositive motions deadline has expired, the Scheduling Order should be modified to permit the filing of L&W's Motion for Partial Summary Judgment and that Linli's breach of contract claim must be arbitrated and dismissed to the extent it is based upon "the duties and obligations set forth in the July '04 Sublicense Agreement." (*See* doc. # 194 at p. 5 of 11).   Defendants argue that L&W has not shown good cause to permit modification of the Scheduling Order to file its Motion for Partial Summary Judgment and that L&W has waived arbitration of Linli's breach of contract claim.

5

As a threshold matter, L&W's Motion for Partial Summary Judgment was filed outside the dispositive motion deadline.  Thus, the court addresses the "good cause" standard mandated by Fed. R. Civ. P. 16(b), providing that a scheduling order "may be modified only for good cause and with the judge's consent."  *See* Fed. R. Civ. P. 16(b)(4).  *See also* D.C. COLO. LCivR 16.1 ("The schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of court").  This "good cause" requirement reflects the important role a scheduling order plays in the court's management of its docket.  *See Washington v. Arapahoe County Department of Social Services*, 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial").  *See also Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

"Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  *Pumpco, Inc. v. Schenker International, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).  *See also* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005).  "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause."  *Dag Enterprises,*,

6

226 F.R.D. at 105.

  L&W concedes and the court must agree that it has not met the "good cause" standard to modify the expired deadline for filing dispositive motions. After the Counterclaims and Third Party Claims were filed, the L&W Parties participated in discovery, motions practice, and pretrial preparation without ever raising the issue of arbitrating Linli's breach of contract claim. L&W has not demonstrated that it could not have made its arguments before the deadline. The facts on which L&W's motion relies are based on pleadings filed more than one year ago. L&W has not argued that its request to modify the Scheduling Order is based on new facts that were developed during discovery or on new developments in the law. *See Colo. Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (no new facts or developments in the law to support good cause to modify a scheduling order). The court finds no good cause for modifying the Scheduling Order to allow L&W to file its Motion for Partial Summary Judgment out of time. Further, the court agrees that L&W has waived arbitration of Linli's breach of contract claim. Under Colorado law and federal law, a party may waive its right to compel arbitration. *See, e.g., Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994) ("the right to arbitration, like any other contract right, can be waived.") (quoting *Reid Burton Const., Inc. v. Carpenters Dist. Council*, 614 F.2d 698, 702 (10th Cir. 1980); *Peterson v. Shearson/American Express*, 849 F.2d 464, 465-66 (10th Cir. 1988) ("When a contract mandates arbitration, courts generally will enforce the arbitration clause absent a waiver."); *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 493 (Colo. 1998) ("Just as with other contractual rights, the right to arbitration can be waived.") (citation omitted); *Bashor v. Bache Halsey Stuart Shields, Inc.*, 773 P.2d 578, 580 (Colo. App. 1988) ("Although public

policy favors arbitration, a contractual right to arbitrate may nevertheless be waived")
(citation omitted);  9 U.S.C. §2 (A written provision . . . to settle by arbitration a controversy
thereafter arising out of such contract or transaction. . . arising out of such a contract . . .
shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in
equity for the revocation of any contract);   Colo. Rev. Stat. § 13-22-206(1) (emphasis
added) ("[a]n agreement… to submit to arbitration any existing or subsequent controversy
arising between the parties to the agreement is valid, enforceable, and irrevocable except
on a ground that exists at law or in equity for the revocation of a contract.")

Colorado law sets forth a six-factor test to determine whether a party has waived the
right to invoke an arbitration clause:

> (1) whether the party has actually participated in the lawsuit or has taken
> other action inconsistent with his rights;
> (2) whether litigation has substantially progressed by the time the intention
> to arbitrate was communicated by the party moving to dismiss;
> (3) whether there has been a long delay in seeking a stay and whether the
> [party] filed counter-claims without asking for a stay;
> (4) whether a request to compel arbitration was initiated close to trial;
> (5) whether the party seeking arbitration has taken unfair advantage of
> discovery proceedings which would not have been available in arbitration;
> and
> (6) whether the other party was affected, misled, or prejudiced by the delay.

*City and County of Denver v. District Court*, 939 P.2d 1353, 1369 (Colo. 1997) (citations
omitted).  *See also Waldman v. Old Republic Nat. Title Ins. Co.*, 12 P.3d 835 (Colo. App.
2000)("just as with other contractual rights, the right to arbitration can be waived") (citing
six-factor test in *City and County of Denver v. District Court*, 939 P.2d at 1353).  Federal
law sets forth a similar analysis:

> In determining whether a party to an arbitration agreement has waived its
> arbitration right, federal courts typically have looked to whether the party has
> actually participated in the lawsuit or has taken other action inconsistent with

his right; whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated; whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand.

*Reid Burton Const., Inc. v. Carpenters Dist. Council*, 614 F.2d 698, 702 (10th Cir. 1980).

Here, the relevant factors under federal and Colorado law support a finding that L&W waived the right to pursue dismissal of Defendants' claims based upon the arbitration agreement. L&W has "actually participated in the lawsuit" since its commencement. *See Bashor*, 773 P.2d at 580 (defendants' actions and their participation in the preparatory trial proceedings sufficiently inconsistent with arbitration so as to constitute a waiver of that right) (citations omitted). The case had "substantially progressed" by the time L&W sought arbitration of Linli's breach of contract claim. *See Norden v. E.F. Hutton & Co., Inc.*, 739 P.2d 914, 915 (Colo. App. 1987) (arbitration clause waived because "defendants acted inconsistently with their right to arbitrate by pursuing discovery and confirming in open court their intention to go to trial after they knew they had a legally enforceable arbitration clause"). There was a delay of approximately 15 months before L&W sought arbitration of Linli's breach of contract claim and L&W's request to compel arbitration "was initiated close to trial." *See S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 83 (2nd Cir. 1998) (party waived right to compel arbitration by failing to plead arbitration defense and by actively participating in litigation for 15 months before seeking to invoke right to arbitrate on eve of trial). L&W has participated in all discovery proceedings, which would not have been available in arbitration. Discovery concluded prior to L&W's request to enforce arbitration. *See Eagle Traffic Control, Inc. v. James Julian, Inc.*, 945 F. Supp. 834, 835-36 (E.D. Pa. 1996) (by actively litigating action for seven months, defendants waived their

alleged contractual right to compel arbitration where parties had engaged in extensive discovery, defendants vigorously contested merits of plaintiff's claims in motion to dismiss, defendants assented to the court's pretrial orders, and defendants gave no notice prior to filing the motion to compel arbitration that they intended to seek arbitration).   Finally, Defendants are prejudiced by the delay based on the discovery and motions deadlines and the imminent trial date.  *See Peterman*, 961 P.2d at 493 ("A party may waive the right to arbitration by taking actions inconsistent with such right in circumstances where prejudice will accrue to other parties.").   Any benefits of pursuing claims in arbitration have been lost by L&W's delay in pursuing arbitration.

As the court finds no good cause for modifying the Scheduling Order to allow L&W to file its Motion for Partial Summary Judgment out of time and finds that L&W has waived its right to arbitrate Linli's breach of contract claim, L&W's Motion is properly denied.[1]

Finally, Defendants argue that "the L & W Parties have waived any defense to the breach of contract claim that is not specifically plead." (*See* doc. # 201 at p. 13 of 15). On April 21, 2008, L&W specifically pled numerous defenses to Defendants' Counterclaims and Third Party Claims.  (*See* docs. # 93 and # 94).   The court agrees that L&W may assert at trial any or all of the defenses it has pled in the case.

---

[1]      As an unjust enrichment claim based upon contractual damages is impermissible as a matter of law, Linli may not recover based on its unjust enrichment claim where it has a remedy at law pursuant to a contract.  *See Lawry v. Palm*, 192 P.3d 550, 564 (Colo. App. 2008) (emphasis added) ("A plaintiff is entitled to recover based on the unjust enrichment of a defendant when the plaintiff has no alternative right under an enforceable contract.").

10

Accordingly, IT IS ORDERED that:

1.      "Defendants' Motion for Partial Summary Judgment and Memorandum Brief" (filed March 26, 2009) (doc. # 154) is GRANTED IN PART AND DENIED IN PART.

    a.      L&W's Fourth Claim for Relief in the Amended Complaint (doc. # 36) for violation of Colo. Rev. Stat § 6-1-105, the Colorado Consumer Protection Act ("CCPA"), was dismissed as to all Defendants at the hearing held on June 4, 2009.

    b.      L&W's Fifth Claim for Relief for common law civil conspiracy was dismissed as to Defendants Linli and Yelenick at the hearing held on June 4, 2009.[2]

    c.      L&W's Seventh Claim for Relief for unjust enrichment may proceed to trial.

2.      "Plaintiff L&W Innovations, LLC's Motion to Modify Scheduling Order and Motion for Partial Summary Judgment, or, in the Alternative, Motion in Limine" (filed June 12, 2009) (doc. # 194) is DENIED.

DATED at Denver, Colorado, this 5th day of August, 2009.

BY THE COURT:

    s/Craig B. Shaffer
    United States Magistrate Judge

---

[2]      L&W's Fifth Claim for Relief for common law civil conspiracy was dismissed as to Defendants GOH and Light on May 26, 2009.  (*See* docs. # 181 and # 186).

11